IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN NOE RAMIREZ MARQUEZ,<br>*Petitioner*,<br>v.<br>FIELD OFFICE DIRECTOR, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1143<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

On June 11, 2026, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). He claims that the length of immigration detention has become unreasonably prolonged and, in the absence of a showing that he poses a danger or is a risk of flight, he is entitled to release on his own recognizance. (*Id*. at 6-12). The Court will dismiss his petition as premature for the following reasons.

On June 15, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the denial of his applications for asylum and withholding of removal. It ordered Petitioner removed to Honduras. (ECF No. 6-1). Thus, Petitioner's removal order is administratively final. The Government is correct in noting that the basis for Petitioner's continued detention has now shifted to 8 U.S.C. § 1231(a)(1). Petitioner is to be removed within a period 90 days. Notably, § 1231(a)(2) holds that during the 90-day removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)…." 8 U.S.C. § 1231(a)(2).

Hence, Petitioner is not entitled to a bond hearing. And the Court holds that nothing about his detention is unreasonable. Should his period of detention extend beyond what has been deemed presumptively reasonable (i.e., September 13, 2026, which is 90 days after June 15, 2026), he may then seek relief. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).

AND NOW, this 20th day of July 2026, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (ECF No. 6) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby DISMISSED as premature. The Clerk of Court is directed to mark this CASE CLOSED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE